IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOEL MCCALL | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-18-2921 |
| WATER WITCH FIRE COMPANY, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

In this suit, Plaintiff Joel McCall alleged that Defendant Water Witch Fire Company, Inc., retaliated against him when it terminated his position as a volunteer member of the Fire Company, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), the Maryland Fair Employment Practices Act (MFEPA), Md. Code. Ann., State Gov't § 20-606(f), and Maryland common law. Now before the Court is Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 9.) No hearing is required. Local R. 105.6 (D. Md. 2018). For the reasons set forth below, Defendant's motion will be granted in part and denied in part.

*I.     Allegations in the Amended Complaint[1]*

Water Witch Fire Company is a private corporation "provid[ing] fire and emergency response services to Port Deposit and Conowingo, Maryland." (Am. Compl. ¶ 3, ECF No. 4.) McCall served as a volunteer "member" in various capacities between 1996 and 2015, when he was notified of his termination and denied reinstatement. (*Id.* ¶¶ 6, 15–16.) Volunteer members

---

[1] On a motion to dismiss, the Court takes well-pled allegations as true and construes the facts and inferences in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

do not receive a salary, but "they do receive a number of benefits in the form of insurance, pension, tax credits and other benefits in return for their service." (*Id.* ¶ 3.)

In 2010, McCall was serving as Vice President when a female member on probation reported to him allegations that another member was harassing her. (*Id.* ¶¶ 2, 8.) The member she accused of harassment was the son of the Chief of Emergency Medical Services (EMS), Wayne Tome, Sr., whom McCall knew and frequently encountered in association with his membership responsibilities. (*Id.* ¶¶ 7–8.) McCall "encouraged" the woman to submit a complaint to the Board of Directors. (*Id.* ¶ 8.) McCall alleged that, after this incident, he began to suffer retaliation by Chief Tome and then-President Jeff Deckard, including personal hostility, unjustified scrutiny of his performance, and falsification of his attendance records, which resulted in his temporary removal from the membership's voting roles. (*Id.* ¶¶ 9–10, 13.) McCall was credited with the correct hours and reinstated after his appeal "revealed" Tome's and Deckard's actions. (*Id.* ¶ 10.)

In 2012, McCall filed complaints against Tome and Deckard, first with the Board of Directors, and then with the Cecil County Firemen's Association. (*Id.* ¶¶ 11–12.) The complaint to the Board of Directors described McCall's involvement with the female member's harassment complaint and the alleged retaliation he suffered as a result. (*Id.* ¶ 11.)

By June 2013, McCall began to "fear for his safety" because of the retaliatory conduct and took a leave of absence. (*Id.* ¶ 14.) In January 2015, when McCall tried to pay his dues, he was informed that his membership had been terminated. (*Id.*) He re-applied in April 2015, but the Board of Directors denied his application. (*Id.*) He filed a complaint with the EEOC and received a right to sue letter on June 27, 2018. (*Id.* ¶ 5.) McCall filed this lawsuit on September 25, 2018.

## *II. Legal Standard for a Motion to Dismiss under Rule 12(b)(6)*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of the mere possibility of misconduct is insufficient. *Id.* at 679. Courts must "accept the well-pled allegations of the complaint as true, . . . constru[ing] the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). The plaintiff may not, however, rely on naked assertions, speculation, or legal conclusions. *Twombly*, 550 U.S. at 556–57.

## *III. Analysis*

Defendant presents two arguments for dismissal: that, as a volunteer, McCall was not an "employee" under Title VII or the MFEPA; and that the state law claims are time-barred. (Mot. Dismiss Mem. Supp. at 2–7, ECF No. 9-1). The Court will address the statutes of limitations first.

### *A. Statute of Limitations*

Generally, a motion to dismiss under Rule 12(b)(6) cannot reach the merits of an affirmative defense, such as that claims are barred by a statute of limitations. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). There is an exception, however, for "the relatively rare circumstances where facts sufficient to rule on an affirmative defense. . . 'clearly appear[] *on the face of the complaint.*'" *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)) (emphasis and alteration in original). In Maryland, statutory and common law claims accrue, and the statute of limitation begins running, "when a plaintiff in fact

3

knows or reasonably should know of the wrong." *Arroyo v. Bd. of Educ. of Howard Cty.*, 851 A.2d 576, 589 (Md. 2004) (quoting *Hecht v. Resolution Trust Corp.*, 635 A.2d 394, 399 (Md. 1994)); *see also id.* at 590 (quoting *Poffenberger v. Risser*, 431 A.2d 667, 680 (Md. 1981)) (applying the so-called discovery rule to all civil actions).

The statute of limitations is two years for an action under the MFEPA, Md. Code Ann., State Gov't § 20-1013(a)(3), and three years for a wrongful termination action, Md. Code Ann., Cts. & Jud. Proc. § 5-101; *see also Bowman-Cook v. Wash. Metro. Area Transit Auth.*, Civ. No. DKC-14-1877, 2017 WL 3592450, at *5 (D. Md. Aug. 21, 2017) (applying § 5-101). According to the Amended Complaint, McCall received notice of his termination in January 2015 and was denied reinstatement in April 2015.[2] (Am. Compl. ¶ 1.) It is therefore apparent from the face of his complaint that McCall's cause of action accrued, at latest, three years and five months before filing suit in September 2018, beyond the statute of limitations period for either a MFEPA claim or a common law civil action. McCall effectively concedes as much in his opposition brief. (Opp'n Mot. Dismiss at 4, ECF No. 11.) Counts II and III are time-barred, and the Court will grant Defendant's motion to dismiss those claims.

### B. *Employee Status*

Title VII's prohibition on retaliation only applies to retaliatory conduct by "an employer" against an "employee." 42 U.S.C. § 2000e-3(a). An "employer" is "a person engaged in an industry affecting commerce who has fifteen or more employees," *id.* § 2000e(b), and an "employee" is "an individual employed by an employer," *id.* § 2000e(f). Defendant argues that McCall was not an "employee" because he was a volunteer. (Mot. Dismiss Mem. Supp. at 3.)

---

[2] At one point, the Amended Complaint refers to these events as occurring in January and April of 2014. (Am. Compl. ¶ 1.) Even assuming, as the Court does here, that the later dates are the correct ones and the earlier dates a typographical error, the outcome does not change.

The controlling precedent in this circuit on whether volunteers are covered by Title VII is *Haavistola v. Community Fire Company of Rising Sun, Inc.*, 6 F. 3d 211 (4th Cir. 1993). *Haavistola* involved a plaintiff volunteer who did not receive wages or a salary but did receive benefits, including a state-funded pension, life insurance, access to and/or reimbursement for professional education and training, tax benefits, and benefits for dependents upon death or disability. *Id.* at 221. The Fourth Circuit reversed the district court's grant of summary judgment for the defendant, concluding that it was improper to determine as a matter of law that such benefits were insufficient to make the plaintiff an employee. *Id.* at 221–22. The *Haavistola* court held that, although compensation is an essential component of an employment relationship, "compensation is not defined by statute or case law," and, accordingly, it was a disputed question of fact whether the benefits received "represent[ed] indirect but significant remuneration . . . or inconsequential incidents of an otherwise gratuitous relationship." *Id.* at 222.

Defendant relies on *Evans v. Wilkinson* to argue that "line of duty" benefits do not render a volunteer an "employee." (M.T.D. Mem. Supp. at 4.) In *Evans*, Judge Titus granted summary judgment to the employer in a Title VII and ADEA case brought by a volunteer EMT who was eligible for benefits only upon meeting various conditions, including at least twenty years of service. 609 F. Supp. 2d 489, 494–95 (D. Md. 2009). Judge Titus concluded that the "attenuated temporal nexus between the work performed and the benefit received" prevented the plaintiff from plausibly being an "employee" under *Haavistola*. *Id.* at 495. This Court has previously applied *Haavistola*, and distinguished *Evans*, in holding that "significant remuneration benefits available upon injury or death" are not categorically beyond Title VII's purview where the "insurance-type benefits" provide coverage "*immediately*" upon beginning volunteer work. *Finkle v. Howard Cty.*, 12 F. Supp. 3d 780, 786 (D. Md. 2014) (emphasis added).

5

In this case, McCall alleged that, although volunteer members do not receive a salary, they "do receive a number of benefits in the form of insurance, pension, tax credits and other benefits in return for their service." (Am. Compl. ¶ 4.) These benefits are similar in nature to the benefits at issue in *Haavistola*, and McCall's allegation that volunteer members *do* receive such benefits is sufficient for the Court to plausibly infer that members are entitled to them, as in *Finkle*, not that they might become eligible only after meeting uncertain conditions, as in *Evans*. Accordingly, McCall plausibly alleged that he was an "employee" under Title VII, and Defendant's motion to dismiss Count I of the Amended Complaint will be denied.

## *IV. Conclusion*

For the foregoing reasons, an order shall enter denying Defendant's motion to dismiss Count I and granting Defendant's motion to dismiss Counts II and III.

DATED this 17 day of May, 2019.

BY THE COURT:

James K. Bredar
Chief Judge